UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY SMITH | |
| Plaintiff | Case Number |
| vs. | |
| | CIVIL COMPLAINT |
| ENCORE RECEIVABLE MANAGEMENT, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Stacy Smith, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Stacy Smith, is an adult natural person and she bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Stacy Smith, is an adult natural person residing at 2455 Raleigh Street, Denver, CO 80212.

5. Defendant, Encore Receivable Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Colorado and the Commonwealth of Pennsylvania with a registered office located at 2704 Commerce Drive, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or around September 18, 2009, Plaintiff began receiving calls from the Defendant in regards to an outstanding consumer debt in the amount of $2,638.76.

8. On or about September 22, 2009, Plaintiff received another call from an agent of the Defendant demanding payment. Plaintiff informed the agent that she was

being represented by an attorney and gave the Defendant's agent the telephone number of Persels & Associates, LLC, the firm who is handling the settling of the Plaintiff's debt.

9. Plaintiff continued to receive calls on a daily basis from the Defendant. Plaintiff informed them each time that they would have to speak with her attorney.

10. Around the end of September, 2009, Plaintiff received a call from an agent of the Defendant who told her that she needed to set up a payment plan with them because they would not deal with a third party.

11. On or about October 6, 2009, Persels & Associates, LLC the law firm that is representing the Plaintiff sent out a cease & desist letter to the Defendant informing them that any future contact regarding the Plaintiff's debt should be directed solely to them.  **See Exhibit "A" attached hereto.**

12. In or around the beginning of October, 2009, Plaintiff received a call from the Defendant again requesting payment in full.  Defendant's agent told Plaintiff that if she didn't set something up soon that they would be contacting an attorney.

13. On that same call Defendant's agent told the Plaintiff that "Persels" was not going to be of any help to her and that she needed to work directly with the Defendant to handle this matter.

14. Plaintiff continues to receive calls from the Defendant on a daily basis even after the receipt of the cease & desist letter from the Plaintiff's attorneys'.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

21. The above paragraphs are hereby incorporated herein by reference.

22.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§1692c(a)(2) | After it knows the consumer to be represented by an attorney unless the attorney consents or is unresponsive |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

        §§ 1692f      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Encore Receivable Management, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: October 28, 2009**      BY:   */s/ Brent F. Vullings*
Brent Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff